| 72 | 223 |
| 93 | 324 |

1. **Intoxicating Liquors:** UNLAWFUL SALE BY NON-RESIDENT: PLACE OF CONTRACT: PRESUMPTION: RECOVERY OF MONEY PAID. Where a resident of Nebraska sold to a resident of Iowa intoxicating liquors under a contract made in Iowa, and which was illegal under the laws of Iowa, it will be presumed, in the absence of a contrary showing, that payments made thereon were made at the place where the contract was made; and the same may be recovered by the purchaser, under § 1550 of the Code.

2. ――――: ――――: RECOVERY OF PURCHASE-MONEY: CONSTITUTIONALITY OF STATUTE. The application of § 1550 of the Code to such case is not a violation of the constitution of the United States, on the ground that it amounts to a regulation or restriction of commerce among the states. (See opinion for authorities cited.)

*Appeal from Cass District Court.*

MONDAY, JUNE 27.

ACTION to recover for intoxicating liquors sold and delivered by the plaintiff to the defendant. The latter pleaded a counter-claim, and sought to recover money paid for the liquors so purchased. Trial to the court, judgment for the defendant, and the plaintiff appeals.

*John Hudspeth,* for appellant.

*Rockafellow & Scott,* for appellee.

SEEVERS, J.—The plaintiff is a resident of Omaha, Nebraska, and claims that he sold the defendant intoxicating

1. INTOXICAT-ING liquors: unlawful sale by non-resident: place of contract: presumption: recovery of money paid.

liquors at that place. But the court found that the sale of the liquors was made in the state of Iowa, and that he had no permit authorizing him to sell the same. The court further found that the defendant had paid the plaintiff $71.05 on account of liquor purchased, leaving $152.62 unpaid; and judgment was rendered in favor of the defendant for $71.05, with interest and costs.

The appellant insists that the findings of the court are not

sustained by the evidence. But, after carefully reading the record, we think differently, and that the findings are supported by the evidence. The court simply found that the defendant had paid the amount above stated in payment for liquors purchased, but did not find where said money was paid,—that is, in Nebraska or Iowa; and counsel for the appellant insist that the presumption must obtain that it was paid in Nebraska, and therefore cannot be recovered in this action. If we understand counsel, the presumption he insists upon is supposed to prevail because the contract was made in Nebraska; but the contract, it must be assumed, was made in Iowa; and, in the absence of any showing to the contrary, we think it must be assumed that the payment was made where the contract was entered into. In other words, performance must be presumed to have been intended, and in fact made, at the place the contract was entered into. If payment was in fact made in Omaha, and this fact has any effect on the defendant's right to recover, the burden of so showing is on the plaintiff.

II. Counsel for the appellant, in an ingenious argument, insists that section 1550 of the Code is in conflict with the constitution of the United States, for the reason that it amounts to a regulation or restriction of commerce among the states. That intoxicating liquors must be regarded as property which may be freely bought and sold, under the constitution and the laws of the United States, will be conceded. But, while this is so, it does not follow that the states are for this reason cut off from legislating upon all subjects relating to the health, life and safety of their citizens, although the legislation might indirectly affect the commerce of the country. Legislation in a variety of ways may affect commerce and persons engaged in it without constituting a regulation of it within the meaning of the constitution. *Sherlock v. Alling*, 93 U. S., 99. It must be remembered that the sale in question was made in Iowa, in contravention of a statute of that

*2. ——: ——: recovery of purchase-money: constitutionality of statute.*

state declaring such sale to be void, and authorizing the party making the payment to recover back any money paid in pursuance of such sale. . The question as to the constitutionality of such a statute, as we understand, was determined adversely to defendant in *Bartemeyer v. Iowa*, 18 Wall., 129; *Beer Co. v. Massachusetts*, 97 U. S., 25. We have no occasion to determine what the effect would be if the contract had been made in Nebraska, or the money had been paid in that state. These views are decisive of this appeal; and the other errors assigned, discussed by counsel, need not be determined.

AFFIRMED.